## CONTINUANCE OF CAUSE AFTER TRIAL HAS BEGUN.

Common Pleas Court of Hamilton County.

Chris Snider v. The Cincinnati Car Company.

Decided, March 14, 1914.

*Trial—Custom of Withdrawing a Juror and Continuing Cause Obsolete— Discharge of Entire Jury Proper Method, if Statutory Necessity for Continuance Exists—Sections 11453 and 11454.*

1. If in a trial, after the jury is sworn, there be a legal reason to continue the case, the entire jury must be discharged, and it is not necessary to first use the fiction of withdrawing a juror.

2. Such reason for a continuance can not be based upon the bare request of a party, and does not rest in any discretion of a court, but must be founded upon some statutory necessity or reason. ·

*George H. Warrington* and *Robert S. Marx,* for the motion, offered: Rau v. Risiden, 11 C.C.(N.S.), 255; Section 11453, General Code; Section 11586, General Code; Hines v. State, 24 Ohio St., 134; Dobbins v. State, 14 Ohio St., 493; State v. Behmer, 20 Ohio St., 572, 576.

*Littleford, James, Ballard & Frost,* contra, offered: Rau v. Risiden, 81 Ohio St., 538; Wolcott v. Studebaker, 34 Fed. Rep., 8; Schofield v. Settley, 31 Ill., 515; Miller v. Metzger, 16 Ill., 390; Morrison v. Hedenberg, 138 Ill., 22; Van Sycle v. Perry, 3 Robt., 621; Glendening v. Canary, 5 Daly, 489 (aff'd 64 N. Y., 636); Messenger v. Fourth Natl. Bank, 6 Daly, 190 (affirming 48 How. Pr., 542); People v. Marks, 10 How. Pr., 261; St. John v. Duncan, 2 N. Y. Month. L. Bull., 20; Planer v. Smith, 40 Wis., 31; Stodhart v. Johnson, 3 T. R., 657; Bentley v. Daws, 10 Exch., 347 (23 L. J. Exch., N. S., 279, 18 Jur. 837); Thomas v. Lewis, 5 Dowl. P. C., 395 (W. W. & D., 67; 1 Jur., 104); Norburn v. Hilliam, L. R. 5 C. P. (39 L. J. C. P. [N.S.], 183; 22 L. T. [N. S.], 67; 18 Week Rep., 602; Harries v. Thomas, 2 Mass.

N. W., 32; Thomas v. Leonard, 5 Ill., 556; Moscati v. Lawson, 1 Rob. & M., 454 (1 Harr. & W., 572); Sheldon v. Bahner, 4 Pa. Co. Ct., 16; People, ex rel Perkins, v. N. Y. Common Pleas Judges, 8 Cow., 127; 38 Cyc., 1593; 21 Enc. Pl. & Pr., 1002; Abbot's T. R. Br. Civ.; Section 11453, General Code; Section 11363, General Code; Section 11366, General Code; Booth v. Langley, 51 S. C., 412, 416; Yellow Pine Co. v. Gutwilly, 46 N. Y. S., 25; Rawson v. Silo, 93 N. Y. S., 416; Rosengarten v. Central R. Co., 69 N. J. L., 220; Pirrung v. Supreme etc., 93 N. Y. S., 575; Cook v. Dean, 21 So. C., 327; Cook v. Cottrell, 4 Strob., 61; Brown v. Manhattan, 81 N. Y. S., 755; Hale v. Hale, 32 Pa. Super. Ct., 37; Surface v. Bentz, 228 Pa. St., 610; Greenburg v. Schindle, 128 N. Y. S., 661; Connolly v. Railroad, 230 Pa. St., 366; Brown v. Railroad, 43 Pa. Sup. Ct., 61; McKahan v. Railroad, 223 Pa. St., 1; Adler v. Leser, 110 N. Y. S., 176; Crane v. Blackburn, 100 Ill. App., 565; Schultze v. Huttlinger, 135 N. Y. S., 70; Huntington v. Tol. R., 175 Fed., 532; Railroad Co. v. McCormick, 23 Ind. App., 258, citing Chandler v. Bicknell, 5 Cowen, 30; United States v. Coolidge, 2 Gale, 364.

DICKSON, J.

This action is for damages for personal injuries claimed to have been caused by defendant's negligent maintenance of a switch.

From the evidence it is clear that the defendant did not maintain the switch.

After motion by defendant for an instructed verdict and after argument thereon, but before the court ruled, plaintiff, in accord with a custom in this court, requested a juror to be withdrawn and the case continued for the purpose of amendment.

The court, for the stated express purpose of testing this custom, withdrew the juror and continued the case against defendant's objections and exceptions.

Steps have been taken by the defendant to perfect error proceedings in this regard, and too, the defendant now files motions to set aside the entry withdrawing a juror and the continuance and also for judgment on the pleadings and the evidence.

The court is of the opinion that the custom of withdrawing a juror is without reason and is obsolete in this age of practical progressive law. If there be a right to continue a case, and a jury be in the way, clearly the better—the only aboveboard—method is to discharge the entire jury. The absurd fiction that a purposely withdrawn juror is lost, mislaid or destroyed and thus there is a mistrial, is only a deceit and should never be used. Both sides will as readily consent to the discharge of the entire jury—a more manly course and one understood and better appreciated by the parties and the men on the jury. No custom can override the written code.

Our Circuit Court in *Rau, Exrx.*, v. *Risiden*, 11 C.C.(N.S.), 255, construing Section 11453 and 11454, General Code, has held that there is no power to discharge a jury after trial has begun and before the verdict, unless upon the finding of some necessity, or upon consent of both parties, and can not be done under any discretionary power invoked by a bare request of the plaintiff to help him in a dilemma.

Section 11454. General Code, gives the court power to direct after dismissal an immediate retrial. Surely such power was not given the court to arbitrarily set aside rule days and thus punish the defendant for the plaintiff's fault.

The holding of our circuit court was not disturbed by the reversal of the Rau case in our Supreme Court, same title, 81 Ohio St., 538. The reversal there was because the error prosecuted was not from a final order.

The circuit court will remand this cause to this court for trial. For this reason we will meet the defendant's motions now and save valuable time.

Without doubt the pleadings and the evidence clearly showed that no case had been made against the defendant. This the plaintiff realized, and then by his motion sought to avoid a judgment.

It is clear this court had no right to discharge the jury on plaintiff's bare request.

The entry withdrawing a juror and continuing the case will be set aside; and coming now to consider the defendant's motion for final judgment on the pleadings and the evidence, the court find that while it is true that strictly according to the letter of the law it could enter judgment, yet because Section 10214, General Code, provides, ''the provisions of part third and all provisions under it shall be liberally construed in order to promote its object and assist the parties in obtaining justice, * * *'' the court find that plaintiff may dismiss without prejudice or if the plaintiff refuse, then the court might under the testimony and the pleadings render judgment for the defendant.